**Dated: June 07, 2012**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

In re
EARL BENARD BLASINGAME and             Case No. 08-28289-L
MARGARET GOOCH BLASINGAME,             Chapter 7
    Debtors.

_____

CHURCH JOINT VENTURE,
A Limited Partnership; and
FARMERS & MERCHANTS BANK,
Adamsville,
    Plaintiffs,

v.                                     Adv. Proc. No. 09-00482

EARL BENARD BLASINGAME and
MARGARET GOOCH BLASINGAME,
    Debtors/Defendants,

KATHERINE BLASINGAME CHURCH,
EARL BENARD "BEN" BLASINGAME, JR.,
    Necessary Parties,

BLASINGAME FAMILY BUSINESS INVESTMENT TRUST,

BLASINGAME FAMILY RESIDENCE GENERATION SKIPPING TRUST,
THE BLASINGAME TRUST,
    Defendant Trusts,

FLOZONE SERVICES, INC.;
FIBERZONE TECHNOLOGIES, INC.;
BLASINGAME FARMS, INC.;
GF CORPORATION;
AQUA DYNAMICS GROUP CORPORATION;
    Defendant Corporations.

_____

"CORRECTED"
ORDER RESERVING DECISION ON
DEFENDANT'S MOTION TO DISMISS
COUNTS I, II, V1, VII & VIII OF COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION,
AND TO DISMISS COUNT I OF COMPLAINT
FOR LACK OF STANDING BASED ON
RIGHTS OF CHAPTER 7 TRUSTEE
_____

**BEFORE THE COURT** is a motion filed on April 6, 2012 by Defendants Blasingame Family Investment Trust, Blasingame Family Residence Generation Skipping Trust, The Blasingame Trust, Flozone Services, Inc., Fiberzone Technologies, Inc., Blasingame Farms, Inc., GF Corporation, Aqua Dynamics Group Corporation, Katherine Blasingame Church, and Earl Benard "Ben" Blasingame, Jr., (collectively the "Non-Debtor Defendants") seeking an order dismissing Counts I, II, VI, VII and VIII of the Complaint for lack of subject matter jurisdiction, and Count I of the Complaint for lack of standing based upon the rights of the Chapter 7 trustee. Plaintiff, Church Joint Venture, filed a response on April 26, 2012, and the Non-Debtor Defendants filed a reply on May 1, 2012. Each of these submissions was accompanied by an appropriate brief. I conducted a hearing on May 2, 2012, at the close of which I asked counsel to brief two additional issues: (1) whether the sale of the causes of action by the trustee to Church JV changed the analysis

of the question of subject matter jurisdiction; and (2) whether *Stern v. Marshall* impacts any of the issues raised in the motion.

## I. PROCEDURAL BACKGROUND

This is not the first motion to dismiss filed by the Non-Debtor Defendants in this case. On May 31, 2011, I entered three separate orders denying motions to dismiss the complaints filed by Defendants Katherine Blasingame Church, and Earl Benard "Ben" Blasingame, Jr. (collectively the "Individual Defendants), Blasingame Family Investment Trust, Blasingame Family Residence Generation Skipping Trust, The Blasingame Trust (collectively the "Defendant Trusts"), and Flozone Services, Inc., Fiberzone Technologies, Inc., Blasingame Farms, Inc., GF Corporation, Aqua Dynamics Group Corporation (collectively the "Defendant Corporations) (Adv. Proc. Dkt Nos. 171, 172, and 173). The Non-Debtor Defendants filed Answers to the Complaint on July 25, 2011 (Adv. Proc. Dkt. Nos. 189-198) 190, 191).

On July 19, 2011, I entered an order disqualifying all counsel representing the Debtors and the Non-Debtor Defendants (Adv. Proc. Dkt. No. 187).[1] I directed the Defendants to obtain new counsel by October 12, 2011. On October 19, 2011, I approved the sale of estate claims and causes of action (including this one) by Edward L. Montedonico, the Chapter 7 Trustee (the "Trustee"), to Church JV (Bankr. Dkt. No. 365). The Non-Debtor Defendants engaged Michael P. Coury to represent them on or about March 2, 2012 (*see* Adv. Proc. Dkt. No. 243), and he filed the pending motion to dismiss on April 6, 2012 (Adv. Proc. Dkt. No. 252). These motions raised new issues not addressed by my prior orders.

---

[1] The Defendants filed a Notice of Appeal from that order, which appeal was subsequently dismissed for lack of prosecution. *See* Adv. Proc. Dkt. No. 200; and Order of the Bankruptcy Appellate Panel, 11-80541, November 18, 2011.

With respect to the Non-Debtor Defendants, the complaint asks for several related types of relief. With respect to the Defendant Trusts and Corporations, the complaint asks that they be declared the alter-egos or reverse alter-egos of the Debtor-Defendants, Margaret Gooch and Earl Benard Blasingame (Count I). It asks that the court set aside certain transfers to the Non-Debtor Defendants as fraudulent conveyances under Tennessee state law pursuant to 11 U.S.C. § 544(b) (Count II). It asks that parties be enjoined from transferring the assets of the Defendant Trusts (Count VI). It demands an accounting (Count VII), and it seeks recovery of attorneys' fees and costs (Count VIII). With respect to the Debtor-Defendants, the complaint asks that their discharge be denied (Counts III, IV, V); that they provide an accounting of their assets and transfers of those assets (Count VII); that they pay attorneys fees and costs (Count VIII), and it sets forth the Trustee's objection to the Debtor-Defendants' claims of exemption (Count IX). The underlying facts concerning the debt owed to Church JV and the reasons for the filing of the bankruptcy petition are set out in my prior Order on Plaintiffs' Motion for Partial Summary Judgment as to Discharge Claims and Directing Entry of Judgment as to Debtors entered February 24, 2011 (Adv. Proc. Dkt. No. 120). In that order I declared that discharge of the debts of Debtor-Defendant Earl Benard Blasingame would be denied pursuant to 11 U.S.C. § 727(a)(4) and (5), and that discharge of the debts of Debtor-Defendant Margaret Gooch Blasingame would be denied pursuant to 11 U.S.C. § 727(a)(4).

## II. ISSUES PRESENTED

The motion to dismiss raises four issues: (1) Whether federal subject matter jurisdiction is present with respect to Counts I, II, VI, VII, and VIII of the complaint? (2) Whether federal jurisdiction may be retained over those Counts notwithstanding the sale of the Trustee's causes of

action?  (3) Whether Church JV has standing to pursue the claims against the Non-Debtor Defendants?  (4) Whether the bankruptcy court has authority to hear and finally decide the issues raised by Counts I, II, VI, VII, and VIII of the complaint?

### III.  DISCUSSION

#### A. Federal Subject Matter Jurisdiction is No Longer Present

The United States districts courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.  28 U.S.C. § 1334. The original complaint filed by the Trustee, Church JV and Farmers & Merchant's Bank sought two types of relief: (1) a declaration that the Debtors are not entitled to discharge of their debts, and (2) an augmentation of the bankruptcy estate by recovering assets from the Non-Debtor Defendants. The first clearly arises under title 11, specifically 11 U.S.C. §§ 727(a)(4) and (5).  Federal bankruptcy law itself gives rise to that cause of action.

The second type of relief also arises under title 11. Specifically, the duty of a bankruptcy trustee to recover assets for the benefit of creditors of a bankruptcy estate is provided at 11 U.S.C. § 704, which states: "the trustee shall collect and reduce to money the property of the estate for which such trustee serves . . ."  The authority of a trustee to avoid certain transfers of interests of the debtor in property  and obligations incurred by the debtor arises under 11 U.S.C. § 544(a) and (b). Among the transfers and obligations that may be avoided by a trustee in bankruptcy are those transfers and obligations that are "voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of ... title [11] or that is not allowable only under section 502(e) of ... title [11]."  11 U.S.C. § 544(a)(2).  In filing the complaint, the Trustee relied upon

applicable state law, specifically Tennessee Code sections 66-3-101 et seq., which declares fraudulent conveyances and transfers to be void, and 29-12-101 et seq., which permits,

> Any creditor, without first having obtained a judgment at law, ... [to] file the bill in chancery for the creditor, or for the creditor and other creditors, to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hindering and delaying creditors, and subject the property, by sale or otherwise, to the satisfaction of the debt.

Tenn. Code Ann. § 29-12-101. There is no question that the federal district court had subject matter jurisdiction over the complaint when it was filed because the causes of action specified by the complaint arise under the Bankruptcy Code.[2]

The more interesting and perplexing question is whether the sale of the causes of action by the Trustee changes this analysis. I think that it does. The Trustee has recovered the value of the asset for the estate. Specifically, Church JV paid $100,000 for the privilege of pursuing on its own behalf against the Non-Debtor Defendants the causes of action specified in the complaint. There will be no further recovery for the estate on account of these causes of action. Therefore, the outcome of the litigation can have no economic effect upon the bankruptcy estate. Church JV argues that the suit is nevertheless related to the case under title 11 because its agreement to reduce its claim against the estate, made in connection with its purchase of the causes of action, will result in a higher distribution to creditors if it is successful. This is not an effect upon the estate, however, but an

---

[2] Before the sale of the cause of action by the Trustee to Church JV, I was concerned about the standing of Church JV and Farmers & Merchants Bank to join in the complaint with the Trustee. I find no statutory authority or need for a creditor to join a bankruptcy trustee in a cause of action to recover assets for the estate. That duty and authority appear to belong exclusively to the trustee in bankruptcy. No one raised the issue, however. Since the Trustee clearly did have authority to bring the action, and Church JV and Farmers & Merchants Bank sought no additional relief on their own behalf, I felt that it was unnecessary to address the issue.

effect upon the distribution to creditors. The amounts of claims against an estate may and do shift without having any effect upon the estate itself.

Moreover, a trustee in bankruptcy may not sell his statutory authority under section 704 to any creditor or third person. A trustee may delegate that authority, in which case the delegate proceeds derivatively on behalf of the bankruptcy estate, but the trustee may not assign his authority such that the assignee proceeds under the Bankruptcy Code for its own benefit. This is what Church JV contemplates in this case. It has fully paid for its right to proceed against the Non-Debtor Defendants. Any recovery will be for its own benefit. It thus proceeds as a creditor, not as the trustee in bankruptcy and not on his behalf. This action is thus distinguished from the civil action that Church JV has commenced in the United States District Court for the Western District of Tennessee, Civil Action No. 2:12-0210, in which Church JV proceeds derivatively on behalf of the Trustee. Any recovery in that action will be for the benefit of the bankruptcy estate.

Church JV's reliance upon *Quad City Bank v. Union Planters Bank* (*In re Chapman Lumber Co., Inc.*), 2006 WL 3861107 (Bankr. N.D. Iowa, December 11, 2006) is misplaced. In that case, a creditor agreed to purchase certain avoidance actions from the bankruptcy trustee, in exchange for payment to the trustee of 10 percent of the gross recovery obtained from each assigned claim or action. *Slip op.* at *10. Under those facts, the bankruptcy court concluded that it had "related to" jurisdiction over the assigned proceedings. As I have said, in the present case, the Trustee has received all that he will ever receive from the assigned claims; therefore if Church JV is to prevail, there must be some other basis for "related to" jurisdiction. The concept of "related to" jurisdiction has been succinctly explained by Judge Richard A. Posner of the Seventh Circuit Court of Appeals:

> The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by or against the debtor, claims that,

> were it not for bankruptcy, would be ordinary and stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum. A secondary purpose is to force into bankruptcy court suits to which the debtor is not a party but which may effect the amount of property in the bankruptcy estate.

*Zerand-Bernard Group, Inc. v. Cox,* 23 F.3d 159, 161-62 (7th Cir. 1994)(internal citations omitted).

The pending adversary proceeding, in its present posture, fits neither of these categories. I agree with the conclusions reached by Bankruptcy Judges Houser and Felsenthal in the cases relied upon by the Non-Debtor Defendants insofar as they conclude that sale of causes of action by a trustee in bankruptcy results in loss of federal bankruptcy jurisdiction over them. *See Cataldi v. Olo Corpo* (*In re County Seat Stores, Inc.*), 2007 WL 4191946 (Bankr. N.D. Tex. June 21, 2007); *Cadle Co. v. Pratt* (*In re Pratt*), 2003 Bankr. Lexis 1512 (Bankr. N.D. Tex. Nov. 20, 2003). I believe that the question of what to do with these claims is a bit more complex, however. I must decide what to do about a case in which federal subject matter jurisdiction was present at filing, but no longer exists as the result of subsequent events.

### B. Even When Federal Bankruptcy Jurisdiction is No Longer Present, the Bankruptcy Court May Retain Jurisdiction in Certain Circumstances

Judge Posner is also helpful in this situation. In another opinion, he explains the effect of a change in circumstances related to federal jurisdiction:

> Ordinarily, when a case is within federal jurisdiction when filed, it remains there even if subsequent events eliminate the original basis for federal jurisdiction....But where the only basis for federal jurisdiction over a claim is that it is pendent or ancillary, or as is now called "supplemental," to a federal claim, 28 U.S.C. § 1367(a), the court should be, and it is, allowed to relinquish jurisdiction over the supplemental claim if the federal claim falls out of the case before judgment. The relation between an adversary proceeding based as here exclusively on state law and the bankruptcy proceeding out of which it arises is functionally identical to that between a supplemental proceeding and the federal claim to which it is supplementary.

*Chapman v. Currie Motors, Inc.,* 65 F.3d 78,81 (1995) (internal citations omitted). This *Chapman*

decision addressed the question whether and under what circumstances a federal district court might or must relinquish jurisdiction over an adversary proceeding based solely on state law when the underlying bankruptcy case is dismissed. Section 1367 of the United States Code permits a district court to dismiss supplemental claims once it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Judge Posner, speaking for the court of appeals, held that when an underlying bankruptcy case has been dismissed, a bankruptcy judge may, but is not required to, retain jurisdiction over pending adversary proceedings. Judge Posner rejected the creditor's argument that federal jurisdiction over adversary proceedings terminates immediately upon dismissal of the related bankruptcy case, but confirmed the power of the bankruptcy court to relinquish jurisdiction when "the ground has been (quite literally) cut out from under" the adversary proceeding. 65 F.3d at 81. He concluded, "So tenuous is the federal link that the court ought to have the power to relinquish jurisdiction over the adversary claim if no possible federal interest, including the interest in reducing the cost of the bankruptcy process, would be served by retention" of the adversary proceeding. *Id.* at 81-82.

In this case, I do not address the propriety of retaining jurisdiction over an adversary proceeding when the underlying bankruptcy case has been dismissed. The cases that do address that question make clear that although the bankruptcy judge may retain jurisdiction, in general, related adversary proceedings should be dismissed following the dismissal of the bankruptcy case absent unusual circumstances. *See In re Porges,* 44 F.3d 159 (2d Cir. 1995); *In re Morris,* 950 F.2d 1531 (11th Cir. 1992); *Peabody Landscape Constr., Inc. v. Schottenstein,* 371 B.R. 276 (S.D. Ohio 2007); *In re Junior Food Market of Arkansas, Inc.,* 201 B.R. 522 (Bankr. E.D. Ark. 1996); *In re Pocklington,* 21 B.R. 199 (Bankr. S.D. Cal. 1982). In this case, I address the question whether I may

retain jurisdiction over the adversary proceeding when, as the result of changed circumstances, there is no longer federal bankruptcy jurisdiction over the adversary proceeding notwithstanding the fact that the bankruptcy case remains open and is being administered by the Trustee. The original basis for jurisdiction over this adversary proceeding was not related-to, but arising under and arising in jurisdiction. Under similar circumstances, Bankruptcy Judge Houser recommended that where federal bankruptcy jurisdiction is lost as the result of the cause of action, unless federal diversity jurisdiction exists, the adversary proceeding should be dismissed. *County Seat Stores,* 2007 WL 4191946, at * 10. It seems to me, however, that before dismissing such a complaint, the four factors that have been developed in deciding whether to retain jurisdiction over an adversary proceeding based on "related to" jurisdiction after the underlying bankruptcy case has been dismissed should be considered. These are: economy, convenience, fairness, and comity. *Peabody Landscape Constr., Inc. v. Schottenstein,* 371 B.R. 276, 281 (S.D. Ohio 2007).

The factor of economy asks whether there will be additional costs incurred in the event that jurisdiction over an adversary proceeding is relinquished. In this case, although substantial time has elapsed since the filing of the complaint, the actual adjudication of the causes of action against the Non-Debtor Defendants remains in its infancy. I can see no additional costs, other than filings fees, that would be incurred in the event that these claims are dismissed and then brought in another court of suitable jurisdiction.

The factor of convenience asks whether it will be equally convenient to the parties whether I retain jurisdiction or relinquish it. The parties did not address this factor in their briefs.

The factor of fairness asks whether either party will be prejudiced in the event that I relinquish jurisdiction. Of special concern here is the effect of any applicable statute of limitation

or repose. The parties did not address this factor in their briefs.

The factor of comity assumes that, "'all else being equal, state issues ought to be decided by state courts.'" *Peabody Landscape Contr.,* 371 B.R. at 281, quoting *Linkway Inv. Co., Inc. v. Olsen* (*In re Casamont Investors, Ltd.*)*,* 196 B.R. 517, 524 (9th Cir. BAP, 1996). This factor weighs strongly in favor of my relinquishing jurisdiction. Not only do the claims against the Non-Debtor Defendants involve solely state law issues, but they involve issues, i.e., the doctrine of reverse piercing, about which there is no settled state law. Out of respect for state law, this issue ought to be decided by the Tennessee courts.

The first and fourth factors clearly weigh in favor of relinquishing jurisdiction over the claims against the Non-Debtor Defendants. The second factor, convenience, has not been addressed by the parties, but would not outweigh the first and fourth. The only factor that could possibly outweigh concern for comity is the third - fairness. If dismissal of the causes of action against the Non-Debtor Defendants would result in loss to them of valuable rights, then jurisdiction should be retained. Related to the question of prejudice, however, is the question of standing. Does Church JV have standing to pursue claims against the Non-Debtor Defendants?

### C. Church JV has Standing to Pursue Claims Against the Non-Debtor Defendants in Its Own Right

The Non-Debtor Defendants assert that Church JV lacks standing to pursue the claims against them. With respect to Count I of the Complaint - Reverse Piercing or Alter Ego, they assert that the trustee in bankruptcy does not have standing to pursue reverse piercing or alter ego claims under Tennessee law because these actions, if they exist at all, belong to the individual creditors, not to the debtor, and thus not to the trustee in bankruptcy. The Non-Debtor Defendants rely upon the decision of Bankruptcy Judge Keith M. Lundin, *In re Del-Met Corp.,* 322 B.R. 781 (Bankr. M.D.

Tenn. 2005), which in turn relies heavily upon *In re Vincap Inv. Corp.,* 1984 Tenn App. Lexis 3424 (Tenn. Ct. App., March 31, 1984). Bankruptcy Judge Lundin concluded that Bankruptcy Code section 544 does not gant the trustee the right to pursue these types of action. 322 B.R. at 834. Relying upon the Supreme Court's decision in *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 92 S.Ct. 1678 (1972), Judge Lundin noted that if a cause of action is specific to an individual creditor, the trustee in bankruptcy may not pursue the claim. *Id.* Because the trustee in bankruptcy lacked standing to assert alter ego and corporate veil-piercing claims, he could not seek to avoid the transfers between two non-debtor parties pursuant to section 544. *Id.*

The Non-Debtor Defendants also rely upon the decision of the Eighth Circuit Court of Appeals, *In re Ozark Restaurant Equip. Co., Inc.,* 816 F.2d 1222 (8th Cir. 1987), which held that under Arkansas law, an alter ego claim does not become property of the bankruptcy estate and cannot be pursued by the trustee in bankruptcy for the benefit of the estate. 816 F.2d at 1225.

What the Non-Debtor Defendants overlook is the fact that Church JV is an original plaintiff in this adversary proceeding. The three original plaintiffs were the Trustee, Church JV, and Farmers & Merchants Bank. Even if Church JV may not pursue the rights of the Trustee, it may pursue its own rights, which were stayed by the filing of the bankruptcy petition. I will not speculate, because even Church JV failed to bring to my attention its status as an original plaintiff, but it is possible that Church JV was willing to purchase the position of the Trustee in order to avoid the issue of the division of any recovery between them. I have already found that the alter ego claims were well-pled and predicted that under appropriate circumstances the Tennessee Supreme Court would adopt the theory of reverse piercing and/or reverse alter ego if necessary to prevent injustice. Church JV may pursue that claim in its own right.

Moreover, Church JV has the right to pursue fraudulent conveyance claims against the Non-Debtor Defendants in its own right. It was a creditor holding a substantial judgment against the Debtors at the time the bankruptcy petition was filed. One result of the filing of the bankruptcy petition was that the automatic stay prevented Church JV from pursuing fraudulent transfer and/or conveyance claims. A second result was that the Trustee had the right to avoid fraudulent conveyance claims on behalf of the estate *as if* he were a creditor of the Debtors. *See* 11 U.S.C. § 544(a) and (b). As a result of the sale of his causes of action to Church JV, the Trustee is no longer in competition with Church JV for the right to recover assets under either of these theories against the Non-Debtor Defendants.

### D. *Stern v. Marshall* Directs that the Bankruptcy Judge May Not Finally Decide this Dispute Between Non-Debtor Parties Absent Consent

To summarize, I have decided that federal bankruptcy jurisdiction no longer exists with respect to the dispute between Church JV and the Non-Debtor Defendants, but that federal jurisdiction may nevertheless be retained in appropriate circumstances. I have decided that the factor of comity with Tennessee state courts weighs strongly in favor of relinquishing jurisdiction of this proceeding, but that that factor could be outweighed in the event of prejudice to Church JV. I have decided the Church JV has standing to pursue claims against the Non-Debtor Defendants in its own name because it was an original plaintiff. The parties will be given the opportunity to prepare additional briefs on the question of prejudice.

The final question that I consider only briefly is this: In the event that I decide that prejudice to Church JV weighs in favor of the retention of this adversary proceeding, will I have authority to finally decide the issues between them absent consent. Manifestly, I will not. Federal bankruptcy

jurisdiction is exercised by bankruptcy judges over adversary proceedings pursuant to 28 U.S.C. § 157(b). Absent consent, bankruptcy judges may not finally decide disputes between non-debtor parties that can have no effect upon the bankruptcy estate. *See Stern v. Marshall,* ___U.S.___, 131 S.Ct. 2594 (2011); *Tabor v. Kelly* (*In re Davis*), 2011 WL 5429095 (Bankr. W.D. Tenn., Oct. 5, 2011). I am, however, very willing to hear and decide this dispute should the parties desire that I do so.

### IV.  CONCLUSION

Based upon the foregoing, the bankruptcy court **DENIES** the motion to dismiss on the basis of lack of standing. Church JV has the right to pursue claims against the Non-Debtor Defendants in its own right, and to the extent necessary, the court modifies the automatic stay to permit it to do so. The court **RESERVES ITS DECISION OR RECOMMENDATION** with respect to the motion to dismiss on basis of lack of subject matter jurisdiction. Although I agree that as the result of the sale of the Trustee's causes of action, federal bankruptcy jurisdiction no longer exists with respect to the causes of action against the Non-Debtor Defendants, I believe that I have authority to retain jurisdiction in the event that substantial prejudice would result from the dismissal. Accordingly, **THE PARTIES ARE DIRECTED TO FILE BRIEFS AND/OR AFFIDAVITS ADDRESSING THE ISSUE OF PREJUDICE**. Both parties shall file initial briefs within fourteen days of the entry of this order, and both shall have seven days thereafter to respond. In addition, in their initial briefs**, BOTH PARTIES SHOULD CLEARLY INDICATE WHETHER, IN THE EVENT THAT I DETERMINE THAT IT IS APPROPRIATE TO RETAIN FEDERAL BANKRUPTCY JURISDICTION OVER THEIR DISPUTE, THEY EITHER CONSENT OR DO NOT CONSENT TO MY HEARING IT AND ENTERING A FINAL JUDGMENT**

**SUBJECT ONLY TO APPELLATE REVIEW**. In the absence of consent, I will make a recommendation that the case be withdrawn to the district court.