**Dated: July 31, 2012**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

In re
EARL BENARD BLASINGAME and                    Case No. 08-28289-L
MARGARET GOOCH BLASINGAME,                    Chapter 7
    Debtors.

_____

CHURCH JOINT VENTURE,
a Limited Partnership; and
FARMERS & MERCHANTS BANK,
Adamsville;
    Plaintiffs,

v.                                            Adv. Proc. No. 09-00482

EARL BENARD BLASINGAME and
MARGARET GOOCH BLASINGAME,
    Debtors/Defendants,

KATHERINE BLASINGAME and
EARL BENARD "BEN" BLASINGAME, JR.,
    Necessary Parties,

BLASINGAME FAMILY BUSINESS INVESTMENT TRUST,
BLASINGAME FAMILY RESIDENCE GENERATION SKIPPING TRUST,
THE BLASINGAME TRUST,
    Defendant Trusts,

FLOZONE SERVICES, INC.;
FIBERZONE TECHNOLOGIES, INC.;
BLASINGAME FARMS, INC.;
GF CORPORATION;
AQUA DYNAMICS GROUP CORPORATION;
    Defendant Corporations.

---

**ORDER DETERMINING AMOUNT OF SANCTIONS
TO BE PAID PURSUANT TO
ORDER GRANTING MOTION TO COMPEL
AND FOR SANCTIONS**

---

FOLLOWING A HEARING on June 6, 2012, I determined that Plaintiff Church Joint Venture, a limited partnership's ("Church JV") Motion to Compel and For Sanctions (the "Motion to Compel") should be granted. In this order I determine the amount of sanctions to be paid based upon affidavits submitted by the parties.

In my Order Granting Motion to Compel and For Sanctions, entered June 22, 2012, Tommy L. Fullen and Joseph Townsend, as well as the Law Offices of Tommy L. Fullen (collectively, the "Deponents"), were ordered to produce certain documents described in Exhibit 1 attached to the Motion to Compel on or before June 22, 2012. In addition, I determined that Church JV should be awarded reasonable expenses, including attorney fees, incurred as the result of having to attend the failed depositions of the Deponents, and in the preparation and prosecution of the Motion to Compel. Church JV and the Deponents have submitted affidavits as requested by me in support of and in opposition to the order for reimbursement of expenses. Based on those affidavits and the case record, I make the following findings of fact and conclusions of law.

**FACTS AND ARGUMENT**

Page 2 of  12

Bruce W. Akerly, counsel for Church JV, has submitted his affidavit in support of the request for sanctions. Akerly states that he is a partner in the Dallas, Texas office of the law firm of Cantey Hanger LLP; that he has been licensed to practice law and been a member in good standing of the State [Bar] of Texas since November 1982; that he is admitted to practice before the United States District Court for the Western District in Tennessee; that his practice involves representation of creditors in collection actions; that he prepared the Motion to Compel; that he keeps time records in 1/10th of an hour increments; that he charged Church JV $225 per hour for his services: and that he performed the following services for Church JV in connection with the attempt to take the depositions of the Deponents:

a. Travel to and attend failed attempt to take the oral deposition of Tommy L. Fullen, the Law Offices of Tommy L. Fullen, and Joseph Townsend ("Deponents") – 5 hours (including travel time of approximately 4 hours from Dallas, Texas)
b. Review transcript of deposition of Tommy L. Fullen – .50 hours
c. Preparation of the Motion to Compel, proposed order, research regarding motion to compel, and attention to matters relating to hearing on motion to compel – 6.50 hours
d. Review response to Motion to Compel – .50 hour
e. Prepare for hearing on Motion to Compel – 1.00 hour;
f. Attend hearing on Motion to Compel – 8 hours (including travel time of approximately 4 hours).

Akerly asks for $3,195.00 in attorney fees relating to the attempt to take the depositions of the Deponents, and to the preparation and prosecution of the Motion to Compel. I believe that he has made an arithmetical error, however. He indicates that he expended 21.5 hours at the rate of $225 per hour. This totals $4,837.50.

Mr Akerly also asks for reimbursement of certain expenses consisting of:

a. Air travel to Memphis – $535.30
b. Stay at Marriott Residence Inn downtown Memphis – $335
c. Meals – $25
d. Costs of transcript of failed deposition of Deponents in support of Motion to Compel — $474.32

Akerly asserts that these amounts, other than the deposition transcript expense, represent one-half of the actual expenses incurred in connection with his trip to Memphis because he was attending other depositions during that time. Akerly asks for expenses related to his first trip to Memphis in the amount of $1,369.82.

Akerly also asks for expenses incurred in connection with attendance at the June 6, 2012, hearing on the Motion to Compel, consisting of:

a. Air travel to Memphis – $1,291.10
b. Stay at Marriott Residence Inn downtown Memphis – $211.49
c. Auto rental, meals and related expenses – $175 (approximate)

The expenses Akerly claims to have incurred in this second trip to Memphis was $1,677.59.

Akerly claims that Church JV is entitled to be reimbursed for expenses, excluding attorney fees, in the amount of $3,047.41.

In addition, Akerly claims that he expended 2 hours in reviewing his time and expense records in preparing his affidavit, and that he anticipates spending another 1 hour reviewing any opposition that might be filed to it, for a total of $675.00.

Akerly asks that Church JV be awarded expenses, including attorney fees, in the total amount of $6,242.21, consisting of attorney fees related to the failed deposition and Motion to Compel in the amount of $3,195.00, attorney fees related to the preparation of the affidavit and response in the amount of $675.00, and expenses in the amount of $3,047.21. As previously indicated, however, Akerly made an arithmetical error in calculating his attorney fees. The correct amount based upon 21.5 hours at $225 per hour should be $4,837.70, bringing the total request to $8,559.71.

The Deponents, by their attorney, Charles C. Exum, have filed an objection to the Akerly Affidavit and have included in support of their objection the Affidavit of Russell E. Reviere.

Reviere states that he is the attorney for Fullen and the Law Offices of Tommy L. Fullen; that he attended the scheduled deposition of Fullen on March 29, 2012; that Fullen was prepared to answer questions related to the Adversary Proceeding and the formation of the trusts and non-debtor entities and any dealings between and/or among the Debtors and the non-debtor entities, to the extent of his personal knowledge; that David Cocke, the Debtors' current counsel, was present during the deposition and never told Fullen or him that "the Blasingames were waiving the attorney-client privilege during the discussion about privilege issues that existed in the proceeding where Tommy Fullen was a witness as opposed to a defendant in a malpractice case"; that he did not "discover that the Blasingames were waiving the attorney-client privilege until the hearing" on the Motion to Compel, when "Cocke announced to the court that the Blasingames would not be advocating any major protection under the attorney-client privilege but instead would only raise it [in] limited circumstances"; that [counsel for] Church JV deposed Martin Grusin in Memphis, Tennessee, on March 28, 2012, the day before Fullen's deposition so counsel did not waste a trip to Memphis "and is not complaining about similar restrictions and objections made by Martin Grusin's counsel to the same questioning about matters strictly related to the separate malpractice case which we [sic] later also raised by me during Tommy Fullen's deposition"; that Fullen's deposition has been scheduled for July 27, 2012, and at that deposition counsel for Church JV will be permitted to inquire into all matters related to both the Adversary Proceeding and the legal malpractice case; that counsel for Church JV would have had to travel to Memphis for the deposition of Fullen in the malpractice case in any event so that Church JV has not incurred additional expense as the result of the postponed deposition of Fullen.

Counsel for the Deponents argues that I should reduce Church JV's requested fees and expenses because Church JV would have incurred many of these fees and expenses regardless of the outcome of Fullen's March 29, 2012 deposition. The Deponents argue that a substantial portion of the fees relate to travel to and from Memphis for the March deposition. The Deponents argue that these fees were going to be incurred in any event for two reasons: (1) counsel for Church JV traveled to Memphis the day before the scheduled Fullen deposition to take the deposition of Co-Defendant Martin Grusin; and (2) counsel for Church JV always intended to depose Fullen twice, once in this Adversary Proceeding and again in the malpractice case. Counsel notes that Fullen has now produced his entire file related to the representation of the Debtors and that Fullen's deposition concerning both matters is scheduled for July 27, 2012. Counsel argues that the requested expenses for travel should be reduced from $3,195.00 to $2,295.00 in paragraph 10, and from $1,369.42 to $834.12 in paragraph 13 of the Akerly Affidavit.

Counsel for the Deponents also argues that Church JV should not be permitted to recover its fees and expenses related to preparing and arguing the Motion to Compel because Fullen was substantially justified in raising the attorney-client privilege. Counsel points to Rule 37 of the Federal Rules of Civil Procedure, which provides:

> **(5) Payment of Expenses; Protective Orders.**
> **(A) If the Motion if Granted (or Disclosure or Discovery Is Provided After Filing).** If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii) the opposing party's non disclosure, response, or objection was substantially justified; or
    (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5), incorporated at Fed. R. Bankr. P. 7037. Counsel argues that Fullen has shown that there was a genuine dispute as to whether his file material was discoverable due to the attorney-client privilege. Finally, counsel argues, without elaboration, that this court should withhold an order issuing sanctions against Fullen until it determines whether it has jurisdiction over the Adversary Proceeding.

## ANALYSIS

The Motion for Sanctions was filed April 4, 2012. It resulted from Church JV's First Amended Notice of Intention to Take Oral Deposition of Tommy L. Fullen, Joseph T. Townsend, and Law Office of Tommy L. Fullen, issued February 17, 2012 (the "Notice"). A copy of the Notice is attached as Exhibit 1 to the Motion to Compel. It asks that Fullen, Townsend and the Fullen Law Firm produce documents on March 20, 2012, at the office of Farris Bobango & Banan PLLC, in Memphis, Tennessee, and that Fullen, Townsend, and the Fullen Law Firm appear for deposition on March 29, 2012, at the same office. It indicates that counsel for Church JV intended to depose the Deponents on the following matters:

> Legal advice, consultation, engagement, and/or representation provided, supplied, given, and/or offered to, and/or communications with Earl Benard Blasingame, Margaret Gooch Blasingame, separately, and/or collectively, and/or their agents, representatives, employees, partners, officers, shareholders, and/or assigns with respect to the formation, funding, maintenance, operation, transfer of assets to or from, validity of, and/or business or financial transactions by and/or between the following persons or entities:
>  a. Aqua Dyanamics Group Corporation,
>  b. Flozone Technologies, Inc.,
>  c. Fiberzone Technologies, Inc.,
>  d. GF Corporation,
>  e. Blasingame Farms, Inc.,

      f.    Blasingame Family Business Investment Trust,
      g.    Blasingame Family Residence Generation Skipping Trust,
      h.    The Blasingame Trust,
      i.    Katherine Blasingame Church, and
      j.    Earl Benard Blasingame, Jr., and/or
      k.    Each other.

In addition, the Notice identifies seven categories of documents that should be produced by the Deponents at their depositions.

I found on July 10, 2011, that Fullen and Townsend were disqualified from representing the Blasingames. Cocke entered his appearance for the Blasingames on December 15, 2011. Church JV served its initial Notice Of Intention to Take Oral Deposition of Tommy L. Fullen, Joseph Townsend, and the Fullen Law Firm on November 22, 2011. *See* Ex. 2 and 3 to "Expedited" Motion for Protective Order to Prevent, Delay, or Limit the Depositions of Tommy L. Fullen, Joseph T. Townsend, and the Law Office of Tommy L. Fullen, Doc. No. 230 (the "Motion for Protective Order"). The Deponents responded by filing a motion for protective order, which cited two reasons for the court to "prevent, delay, or limit" their depositions: "(1) Church JV's discovery seeks privileged information; and (2) requiring Fullen to participate in discovery at this point in the proceedings would be unduly burdensome because this Court has not yet determined whether Church JV can pursue a legal malpractice action against Fullen." Motion for Protective Order, p. 2. I conducted a hearing on February 29, 2012, which resulted in the entry of the Consent Order Regarding "Expedited Motion Protective Order to Prevent, Delay, or Limit the Depositions of Tommy L. Fullen, Joseph T. Townsend, and the Law Office of Tommy L. Fullen, entered March 5, 2012, Doc. No. 245. That order resulted from direction from me and consultation among the parties, and includes the following pertinent language:

> The Deposition Notices were amended and re-issued and served, by agreement, on the Deponents, through their counsel of record, on February 17, 2012 .... Deponents shall produce the requested documents, if any, and appear for their depositions as set forth in the Amended Notices of Deposition. If Deponents withhold any requested documents that are in their custody, possession or control based on a privilege or other reason, they shall **prepare and serve a privilege log** relating to the withheld documents and serve it on counsel for Church JV at of before the time for production of documents as set forth in the Amended Notices. Notwithstanding anything herein to the contrary, none of the Deponents shall be deemed to have waived any right to object to questions presented at the depositions. Furthermore, the scope of production by any Deponent with respect to the Defendant trusts shall be limited in time to the years 1990 to present, except with respect to the Blasingame Family Trust.

Doc. No. 245, ¶ 3 (emphasis mine). It was clear from the day that the Deponents received the amended Notice, February 17, 2012, *prior to* the entry of the Order Regarding the Motion for Protective Order, that Church JV intended to question the Deponents concerning their legal representation of the Blasingames. They had more than thirty days to prepare their response: to consult with Cocke, prepare a privilege log, or file a second motion for protective order. They did none of these things. During the hearing on the Motion to Compel, I heard argument from counsel for the Deponents to the effect that the Deponents were attempting to protect the Blasingames. I found that argument wholly without merit for four reasons: (1) the Deponents had put their advice to the Blasingames at issue by relying on the "advice of counsel" defense in connection with the objection to the Blasingames' discharge; (2) they had been found to be disqualified to represent the Blasingames some seven months before the Notice was served on them, and eight months before they appeared for their deposition; (3) the Blasingames have counsel, David Cocke, who was present at the deposition and capable of raising any appropriate objection to documents requested or questions asked; and (4) their concern about privilege had already been discussed and dealt with in connection with the Motion for Protective Order. In emails exchanged

on March 16, 2012, prior to the depositions, Reviere stated on behalf of the Deponents, "Please recall we advised by email on February 17, 2011 [sic], that we will have no documents to produce within the scope of your notice. It appears there is no need for you to come to Memphis." Motion to Compel, Doc. No. 251, Ex. 2, p. 1. Nowhere does Reviere indicate that there *are* documents responsive to the request but that he has instructed his clients not to produce them as the result of a concern about the attorney-client privilege. In fact, the Deponents did maintain client files, calendars, billing records, and notes of meetings, all of which were responsive to Church JV's request (*see* Dep. Tommy L. Fullen, March 29, 2012, which is Ex. 1 to the First Supplement to Plaintiff's Motion to Compel and For Sanctions, Doc. No. 256, pp. 17, 20-21, 23-24, 33-34). At no time did Fullen or his attorney object to the production of those documents on the basis of the attorney-client privilege. The consistent objection raised by Reviere at the deposition was that the documents related to the pending legal malpractice claim.

In light of these facts, I cannot agree with counsel for the Deponents that their refusal to cooperate in discovery was substantially justified. If there was any additional question in their minds about the application of the attorney-client privilege following their assertion of the advice of counsel defense and the subsequent hearing on their Motion for Protective Order, they should have asked the court for instruction. At the very least, pursuant to the Order Regarding the Motion for Protective Order, they should have provided a privilege log. By failing to take reasonable steps to assert their position, they caused Church JV to incur unnecessary expenses. Pursuant to Rule 37, Church JV is entitled to be reimbursed its reasonable expenses including attorney fees.

Akerly has submitted an affidavit indicating that Church JV incurred fees and expenses in the total amount of $6,242.21 in connection with the failed deposition and the preparation and

prosecution of the Motion for Sanctions. I have found that the actual amount requested based on his time records is $8,559.71. As stated earlier, this consists of attorney fees related to the failed deposition and Motion to Compel in the amount of $4,837.50, attorney fees related to the preparation of the affidavit and response in the amount of $675.00, and expenses in the amount of $3,047.21.

The Deponents have asked me to reduce the requested amount of expenses, claiming that the initial trip to Memphis was unnecessary. I disagree. Only by deposing Fullen on the record was Akerly able to discover that there were in fact documents responsive to his request that Fullen had decided to withhold. Moreover, Akerly has already reduced the expenses of the first trip to Memphis by half because of other depositions scheduled in Memphis in connection with this adversary proceeding. I find the expenses incurred by Church JV in connection with Akerly's two trips to Memphis, as already reduced by him, to be reasonable and necessary. The Deponents will reimburse Church IV $3,047.21 in reasonable expenses made necessary by their refusal to cooperate with discovery.

With respect to attorney fees, I will make two adjustments in addition to correcting the apparent arithmetical error in Akerly's affidavit. First, Akerly charged his full hourly rate for travel to and from Memphis on two occasions, a total of 8 hours, but he does not indicate that he worked on this case during travel. Because of the potential for billing two clients for the same time, it is my policy that travel time be reimbursed at half the attorney's customary rate unless the attorney actually works on the file in route. *See Hayes & Son Body Shop, Inc. v. Childress (In re Hayes & Son Body Shop, Inc.)*, 958 F.2d 371 (Table), 1992 WL 56754, *3 (6th Cir. 1992). Second, Akerly has not filed a response to the Deponent's Objection, so it does not appear that the anticipated

additional hour was actually expended for that purpose. As a result, the attorney fees should be reduced by $1,125.00 ($900 for travel time and $225 for anticipated response). This leaves attorney fees of $4,387.50. The Deponents will reimburse Church JV $4,387.50 for reasonable attorney fees made necessary by their refusal to cooperate in discovery.

With respect to the Deponent's request that I withhold a ruling on sanctions pending determination of the bankruptcy court's authority to hear and decide the claims against the Non-Debtor Defendants, for that is what I believe Exum intended in his reference to jurisdiction, I decline. I am the one who decided that the Motion to Compel should be granted. Rule 37 is clear that expenses including attorney fees should be awarded in the event that a motion to compel is granted and the failure to make disclosures or respond to discovery is not substantially justified. This order merely completes my decision on the Motion to Compel.

## CONCLUSION

For the foregoing reasons, the Deponents Tommy L. Fullen, Joseph Townsend, and the Law Office of Tommy L. Fullen are **ORDERED** to pay to the order of Church Joint Venture, a limited partnership, the sum of $7,434.71, pursuant to my Order Granting Motion to Compel and For Sanctions and Federal Rule of Civil Procedure 37(a)(5).

cc:   Bruce W. Akerly, Attorney for Plaintiffs
      Charles C. Exum, Attorney for Defendants Fullen, Townsend, and Fullen Law Firm
      David J. Cocke, Attorney for Debtors/Defendants
      Michael P. Coury, Attorney for Non-Debtor Defendants